MAIL AND EXPRESS COMPANY, INC., Respondent, v. PARKER AXLES, INC., Appellant.

First Department, January 26, 1923.

Corporations — action by corporation owning newspaper to recover on contract made in name of paper and not in its legal name — contract may be enforced though not made in correct legal name — evidence may be introduced to show corporate entity intended — corporation must sue under its legal name.

A corporation formed for the purpose of owning a newspaper may maintain an action in its legal and correct name to enforce a contract made in the name of the paper which it publishes, which name is not its correct legal name.

If the entity of the corporation can be ascertained from the instrument itself the misnomer is unimportant, but if not, evidence may be introduced to establish what particular corporate entity was intended.

A corporate body named in a contract in its own favor under its assumed or current name must bring suit against its contractor in its right name.

APPEAL by the defendant, Parker Axles, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of August, 1922, denying its motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

*Herman Goldman* [*Max A. Geller* of counsel; *I. G. Ornstein* with him on the brief], for the appellant.

*Herman B. Goodstein* [*Thomas J. Kavanagh* with him on the brief], for the respondent.

McAVOY, J.:

It was sought here to dismiss the complaint on the ground that it did not state sufficient facts to constitute a cause of action. The motion was denied at Special Term.

The action counts on an agreement alleged to have been made between the parties to this action, which authorized the *Evening Mail* to insert the defendant's card on the page of the *Evening Mail* devoted to industrial review of Greater New York for twenty-six consecutive weeks from the date of first insertion. Defendant had

the right to change copy under conditions described, otherwise the last copy was to be published. The entire consideration to be paid was $2,548, based upon a fixed rate per inch. Provisions are had for proportionate payments based on insertions of the preceding month, if payment is made not later than the fifteenth of each month. But if not so made the full balance of the remainder of the contract price due at that time became immediately payable.

The complaint shows that the plaintiff inserted on a page of its newspaper, which is known as the *Evening Mail*, devoted to industrial review of Greater New York, on Saturday of each week commencing on the 24th of December, 1921, and continuing at weekly intervals thereafter, an advertisement of and concerning the defendant, and that otherwise it has carried out and duly performed all the terms of the contract required of it to be performed. It then recites that there became due on February 15, 1922, the sum of $588, for the weekly advertisement published by the plaintiff for the defendant prior to February 1, 1922; that such sum was not paid and because of that default in payment on the fifteenth of February, the whole sum of $2,548 became due. This contract, originally in form an authorization to publish, was approved and accepted by " The Evening Mail, by D. Nicoll, Business Manager."

The question to be determined may be stated thus: Can a corporation formed for the purpose of owning a newspaper enforce a contract made in the name of the instrumentality through which the corporation operates, rather than in the correct title of the corporation? I do not think there is any doubt but that the use of a name other than the granted or legal corporate title of one party in an agreement with another party is wholly immaterial to the validity of a contract between the corporation using the symbol and the other party in any suit upon that contract.

Of course it must be alleged and demonstrated that the corporation sued or suing was really intended by the parties to be the corporate entity described in the contract by the colloquial title. A contract entered into by a corporation under an assumed name may be enforced by either of the parties. If the entity of the corporation can be ascertained from the instrument itself, the misnomer is held unimportant, but if not, evidence may be introduced *aliunde* to establish what particular corporate entity was intended. The corporate body named in a contract in its own favor under its assumed or current name should bring suit against its contractor in its right name, as in this respect it must act as an individual who should sue in his proper name although described fictitiously in an instrument sued upon.

It seems to be well recognized that a corporation may be known by several names in the transaction of its business, and it may enforce and be bound by contracts entered into in an adopted name other than the regular name under which it was incorporated.

In *McGary* v. *People* (45 N. Y. 153) the court states that " corporations may claim the benefit of contracts,  *  *  *  although not described and named with entire accuracy, and in ascertaining the intent of the contracting parties,  *  *  *  evidence is proper to show by what name the corporation was generally known and called by the parties, and this with a view to ascertain the intent.  *  *  *

"A corporation may,  *  *  *  in the transaction of its business,  *  *  *  be made liable in its true name upon transactions in its assumed name, but it must then be sued by its true name."

It is common knowledge that the name of a newspaper is frequently used as a convenient symbol for its owner.  (*Wahlheimer* v. *Hardenbergh*, 217 N. Y. 264.)

There cannot be a doubt but that the plaintiff may sue in its corporate name under the contract made for its benefit in its assumed name, nor that there was complete mutuality of obligation established on the part of each contractor, the one to publish and the other to pay.

Plaintiff has alleged performance under its declaration; defendant must now assert its denials or defense.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., SMITH and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.