**SUNSTONE AT COLORADO SPRINGS HOMEOWNERS ASSOCIATION, INC., Plaintiff–Appellant,**

v.

**Joseph P. WHITE and Patricia A. White, Defendants–Appellees.**

No. 01CA2035.

Colorado Court of Appeals,
Div. V.

Aug. 15, 2002.

Alpern, Myers, Stuart, Scheuerman, & Levinson, LLC, Jack L. Scheuerman, Colorado Springs, Colorado, for Plaintiff–Appellant.

Warren & Mundt, P.C., James A. Mundt, Colorado Springs, Colorado, for Defendants-Appellees.

Opinion by Judge MARQUEZ.

In this action to foreclose on a lien for assessments, charges, fines, fees, and other sums, plaintiff, Sunstone at Colorado Springs Homeowners Association, Inc., appeals the trial court's judgment denying its claim for foreclosure and attorney fees. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiff is a nonprofit homeowners association, duly incorporated under the name "Sunstone at Colorado Springs Homeowners Association, Inc." since February 1983. Defendants, Joseph P. White and Patricia A. White, purchased a townhouse in the Sunstone Subdivision in 1993.

In April 1983, the developer of the subdivision filed a declaration of covenants stating that the term "[a]ssociation" refers to "Sunstone Homeowners' Association of Colorado Springs, Inc., it successors and assigns." The declaration provides that the owner of each lot within the subdivision "is deemed to covenant and agree to pay to the Association: annual assessments" and that "[t]he annual assessments, together with interest, late charges, costs and reasonable attorneys' fees, shall be a charge on the land and shall be a continuing lien upon the property against which each such assessment is made." The declaration provides that if any assessment is not paid within thirty days after the due date, the association may bring an action against the owner "or foreclose the lien against the property."

After a dispute arose concerning defendants' failure to pay certain assessments, plaintiff, using its corporate name, commenced this action for judgment for the unpaid assessments in the amount of $2,945.62, plus attorney fees, expenses, costs, and interest, and to foreclose the assessment lien. The complaint alleged:

Now and at all times herein complained of, the Unit was bound by the provisions of the "Declaration of Covenants Conditions and Restrictions of Sunstone at Colorado Springs Homeowners Association, Inc., which are recorded in Book 3861, beginning at Page 820 of the records of the El Paso County Clerk and Recorder (the "Declaration"), together with all amendments of record.

In their answer, defendants alleged that the amount claimed was overstated and inaccurate, but did not deny that the unit was bound by the declaration or otherwise contest plaintiff's right to bring this action or foreclose its lien.

It was not until trial that the discrepancy between plaintiff's name as stated in its articles of incorporation and the name of the association described in the declaration was discovered.

Plaintiff moved to amend the complaint so that the caption would reflect both its corporate name and the name described in the declaration, but the trial court denied the motion. Defendants then moved to dismiss the complaint based on the name discrepancy, but the trial court denied that motion as well.

At the conclusion of trial, the court found that plaintiff may or may not have a lien pursuant to statute, but had recorded a lien pursuant to the declaration. The court further found that the association named in the declaration was an unincorporated association that did not exist, that there had been no change of plaintiff's corporate name, and that the covenants in the declaration therefore did not apply. However, the court determined that there was an implied contract between plaintiff and defendants for payment of assessment fees and ordered defendants to pay $489.78, the total amount claimed by plaintiff, excluding the amount claimed as attorney fees.

Following entry of the judgment, plaintiff moved for an amendment of findings and judgment, asserting that the fact that the association's name in the declaration is different from plaintiff's corporate name did not affect its rights and requesting that the trial court amend its findings to provide for attorney fees and foreclosure.

The trial court treated the motion as a motion to reconsider and denied it.

## I.

Plaintiff first contends that it is not precluded from enforcing the declaration and foreclosing on the lien simply because its corporate name differs slightly from that contained in the declaration. We agree.

The parties have not cited, nor have we discovered, any Colorado case law addressing this precise issue. However, the general rule followed by courts in other jurisdictions is that stated in 18A Am.Jur.2d *Corporations* § 286 (1985):

> It is the general rule that, where there is a misnomer of a corporation in a grant, obligation, written contract, notice, or the like, if there is enough expressed to show that there is such an artificial being, and to distinguish it from all others, the corporate body is well named, even though there is a variation of words and syllables.

*See Pinson v. Hartsfield Int'l Commerce Center, Ltd.*, 191 Ga.App. 459, 382 S.E.2d 136 (1989)(misnomer of a corporation in a written instrument is not material if the identity of the corporation intended is clear or can be ascertained by proof); *Curtis G. Testerman Co. v. Buck*, 340 Md. 569, 667 A.2d 649 (1995)(misnomer of corporation in contract was not sufficient to release the corporation from liability when identity of corporation was apparent and could be clearly ascertained from the face of the contract); *Bil–Gel Co. v. Thoma*, 345 Mich. 698, 77 N.W.2d 89 (1956)(misnomer of corporation in a written instrument will not defeat a recovery thereon, if the identity sufficiently appears from the name employed in the writing or is satisfactorily established by proof); *Mail & Express Co. v. Parker Axles, Inc.*, 204 A.D. 327, 198 N.Y.S. 20 (1923)(misnomer is unimportant if corporation sued or suing is intended by parties to be the corporate entity described in the contract); *Life & Cas. Ins. Co. v. City of Nashville*, 175 Tenn. 688, 137 S.W.2d 287 (1940)(misnomer or variation from the precise name of a corporation in a grant or obligation is not material if the identity of the corporation is unmistakable, either from the face of the instrument or from proof or averments).

Similarly,

[t]he misnomer of a corporation generally will not be treated by the courts as material, if the identity of the corporation is reasonably clear or can be ascertained by sufficient evidence. In other words, slight departures from the name used by the corporation ... generally will not affect the validity of contracts or other business transactions as long as the identity of the corporation can be reasonably established from the evidence.

6 William M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 2444, at 156–58 (rev.vol.1996). In addition, "[a] mistake in setting out the name of a corporation in an instrument is not fatal where the identity of the corporation is apparent." Fletcher, *supra*, § 3014, at 133.

Unlike an individual name, a corporate name usually consists of several words, and the transposition or interpolation of some of them may make no essential difference and is not so likely to confuse and mislead or hide the identity of the entity intended. *Pinson v. Hartsfield Int'l Commerce Center, Ltd., supra*; 18A Am.Jur.2d *Corporations* § 286.

Thus, we conclude that a misnomer of a corporation in a written document is not material if the identity of the intended corporation is clear or can be ascertained by proof.

Here, plaintiff's manager testified that plaintiff and the association identified in the declaration are the same entity. Further, defendants' answer did not allege a lack of identity of the proper corporation. Rather, defendants presented evidence that plaintiff used the name "Sunstone" on its letterhead, that plaintiff was known to some as "Sunstone Townhomes," and that the unit owners in the subdivision made their checks out to "Sunstone HOA." However, defendants did not allege that plaintiff did not have the authority to impose the assessments, and they stipulated that the covenants applied to their property, essentially conceding they were bound by them. Defendants' position at trial was that plaintiff had no basis to ask for the assessments because plaintiff had improperly accounted for several payments.

Moreover, evidence was presented that defendants have paid assessments to plaintiff, except for the assessments at issue, pursuant to the terms in the declaration without objection. There is no indication in the record that funds paid to plaintiff were not applied in accordance with the covenants.

Because the identity of plaintiff as the entity described in the covenants was supported by the evidence, the variation or misnomer in plaintiff's name as set forth in the declaration is immaterial, and the trial court erred in finding that the covenants did not apply.

## II.

Plaintiff also contends that use of the name "Sunstone Homeowners Association" in its recorded lien statement does not affect its right to foreclose because neither the covenants nor § 38–33.3–316, C.R.S.2001, requires plaintiff to record a statement to perfect the lien. We agree.

As a threshold matter, we note that the validity of the lien was not challenged before the trial court. Nonetheless, we choose to address the issue here.

Plaintiff is a common interest community subject to the Colorado Common Interest Ownership Act, § 38–33.3–101, et seq., C.R.S. 2001. Under § 38–33.3–316(1), C.R.S.2001, a statutory lien is created for any assessment levied or fine imposed against an owner. *Hallmark Bldg. Co. v. Westland Meadows Owners Ass'n*, 983 P.2d 170 (Colo.App.1999). Section 38–33.3–316(11)(a), C.R.S.2001, also provides that when the owner's interest in the unit is real estate, as determined under § 38–33.3–105, C.R.S.2001, the association's lien must be foreclosed "in like manner as a mortgage on real estate."

Here, plaintiff had a statutory lien against defendants' property premised on its claim for assessments. Plaintiff filed a lien statement using the name "Sunstone Homeowners Association" and mailed notice of the same to defendants. Further, there is no evidence that the misnomer in the lien statement frustrated the identification of plaintiff or caused confusion to defendants. Thus, plaintiff is entitled to foreclose its lien.

## III.

Given our disposition of plaintiff's first issue, we need not address its remaining contentions concerning estoppel and implied contract.

The judgment is reversed to the extent it denied plaintiff's claims for attorney fees and foreclosure, and the case is remanded for entry of an amended judgment consistent with the principles expressed in this opinion. In all other respects the judgment is affirmed.

Judge ROY and Judge NIETO concur.