**SPANIERMAN GALLERY, PSP, a Profit Sharing Plan, Spanierman Gallery, LLC, and Adelson Galleries, Inc., Plaintiffs,**

v.

**Richard LOVE, R.H. Love Galleries, Inc., and R.H. Love Galleries, Defendants.**

**No. 03 Civ. 3188(VM).**

United States District Court, S.D. New York.

May 26, 2004.

---

Andrew Bittens, Kucker & Bruh, L.L.P., New York City, for Plaintiffs.

Gerald D. Silver, Winston & Strawn LLP (NY), New York City, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

In this contract dispute, the plaintiffs allege that they sold four pieces of art to the defendants, who then resold the art before completing payment. The defendants move to dismiss the complaint to the extent it alleges any causes of action against the individual (as opposed to corporate) defendant, Richard Love ("Love"), and to the extent the complaint seeks relief for punitive damages. The motion is granted. The plaintiffs move for summary judgment on their breach of contract claim, but that motion is denied as prema-ture. Finally, plaintiffs move to amend their complaint. The proposed amended complaint is appropriate under the Federal Rules of Civil Procedure's permissive amendment standards and thus the motion is granted.

## I. BACKGROUND

In each of four transactions in late 2002 and early 2003, one or more of the Plaintiffs (Spanierman Gallery, PSP, Spanierman Gallery, LLC, and Adelson Galleries, Inc.) sold a piece of art to one or more of the Defendants (R.H. Love Galleries, Inc., R.H. Love Galleries, and Love), who then allegedly resold the art before fully paying. The original complaint contained improper defendants and extraneous, meritless causes of action, which, upon Defendants' motion, the Court dismissed from the case. *See Spanierman Gallery, PSP v. Love*, No. 03 Civ. 3188, 2003 WL 22480055 (S.D.N.Y. Oct. 31, 2003). Plaintiffs' pared-down first amended complaint now seek recovery under four causes of action: (1) breach of contract, (2) violation of the Uniform Commercial Code, (3) attorney's fees, and (4) punitive damages.

Defendants move to dismiss, in part, the first amended complaint because they contend that the Court lacks personal jurisdiction over Love and that punitive damages are improper as against any Defendants. The Court's previous dismissal order had granted precisely this relief, but the Court also granted Plaintiffs leave to re-plead those issues. *See id.* at *2, *5.

In the same briefing in which Plaintiffs' oppose the motion to dismiss, Plaintiffs move for summary judgment on their breach of contract claim and move to amend their first amended complaint to add a fifth cause of action for fraudulent conveyance.

The Court addresses each of the three motions in turn.

## II. *DISCUSSION*

### A. *MOTION TO DISMISS*

■ Defendants argue that the Court lacks jurisdiction over Love, an Illinois resident. Plaintiffs bear the burden to show that there is a basis for personal jurisdiction over Love, but at this pre-discovery stage in the litigation, Plaintiffs may defeat Defendants' motion merely by making legally sufficient allegations of personal jurisdiction. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir.2003).

■ In diversity cases, such as this one, the Court looks to the forum state's long-arm statute to determine whether a non-resident defendant may be subject to the Court's personal jurisdiction. *See Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir.1990). In that regard, Plaintiffs rely upon the provision of New York's long-arm statute that reaches any defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). Specifically, Plaintiffs allege that Love negotiated and executed the contracts at issue in this lawsuit with the Plaintiffs, who are in New York. The Court concludes that those allegations are insufficient.

■ Importantly, Plaintiffs do not allege that Love agreed to supply goods or services in New York; he agreed only to *receive* the artwork from New York *in Illinois*. Love's only possible connection to New York is that the Plaintiffs, to whom Love allegedly owes a debt, are in New York. It is well-settled that an agreement to pay money in New York is insufficient to satisfy § 302(a)(1). *See American Recreation Group, Inc. v. Woznicki*, 87 A.D.2d 600, 448 N.Y.S.2d 51, 52 (2d Dep't 1982); *see also Concrete Pipe & Prods. Corp. v. Modern Bldg. Materials, Inc.*, 213 A.D.2d 1023, 624 N.Y.S.2d 496, 497 (4th Dep't 1995) ("It is well established that a foreign defendant whose only contact with New York is the purchase of goods by telephone or mail from a New York plaintiff is not subject to long-arm jurisdiction.").

Plaintiffs next argue that, at least with respect to one contract (pertaining to the so-called "Hassan" artwork), Love actually agreed to be subject to personal jurisdiction in New York. Critical to this determination is whether Love is personally bound by the Hassan contract. The Court concludes that he plainly is not.

The buyer's signature line on that contract reads:

| Agreed: | /s/ Richard Love |
|---|---|
| | (R.H. Love Galleries, Richard H. Love) |

(First Am. Compl. Ex. A) Plaintiffs argue that Love's signature is on behalf of an unincorporated, nonexistent entity, "R.H. Love Galleries," as distinguished from defendant R.H. Love Galleries, *Inc.* Plaintiffs assert that, without the crucial letters "Inc." on the signature line, Love is *personally* liable for any signature purportedly on behalf of the fictitious entity. Plaintiffs' argument is imaginative, but unpersuasive.

■ Under New York law, a contract entered into by a corporation under a "colloquial title" is enforceable by either party, and "the misnomer is held unimportant." *Mail & Express Co. v. Parker Axles, Inc.*, 204 A.D. 327, 198 N.Y.S. 20, 21 (1st Dep't 1923); *cf. In re Excel Stores, Inc.*, 341 F.2d 961 (2d Cir.1965) (enforcing, under Connecticut law, a contract which used the name "Excel Department Stores" instead of the true name, "Excel Stores, Inc."); *Curtis G. Testerman Co. v. Buck*, 340 Md. 569, 667 A.2d 649, 652 (1995) (holding that,

even though a contract was executed in the name of "Curtis G. Testerman, Inc." instead of the true name of "Curtis G. Testerman Company," the signatory would not be held personally liable).

Here, it is beyond dispute that "R.H. Love Galleries" was intended to designate defendant R.H. Love Galleries, *Inc.* Importantly, Plaintiffs have not alleged that, at the time of the contract, they were under any actual misapprehension that there was some other, unincorporated group with virtually the same name as R.H. Love Galleries, Inc.[1] Absent such an allegation, the Court will not permit the Plaintiffs to capitalize on that technical naming error in contravention of the parties' evident intentions. *See* William Meade Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 3014, at 133 (1997) ("A mistake in setting out the name of a corporation in an instrument is not fatal where the identity of the corporation is apparent.").[2] Because Love is not personally bound by the Hassan contract, he is not bound by any clause therein which would subject him to jurisdiction in New York.

In the second part of Defendants' motion to dismiss, they argue that the Plaintiffs' complaint should be dismissed to the extent that it seeks punitive damages. They press the same points as the Court found meritorious in the first motion to dismiss and argue that Plaintiffs have not remedied the defects which the Court identified. *See Spanierman Gallery,* 2003 WL 22480055, at *5. Plaintiffs do not anywhere oppose Defendants' arguments on this point and thus, the motion is granted.

### B. *SUMMARY JUDGMENT*

█ Plaintiffs move for summary judgment on their breach of contract claim essentially because they contend that Defendants' answer concedes liability. Defendants correctly respond that such a motion is premature.

First, Plaintiffs have failed to comply with this Court's individual practices which require them to send a letter to the Court requesting a pre-motion conference before filing such a motion. *See* Individual Practices of United States District Judge Victor Marrero, R. II.A. Second, there has been no discovery in this action, and it is this Court's general practice to decline to entertain a summary judgment motion until after discovery. *See, e.g., Berger v. United States,* 87 F.3d 60, 65 (2d Cir.1996) (holding that summary judgment is generally appropriate only after discovery); *Metrokane, Inc. v. The Wine Enthusiast,* 160 F.Supp.2d 633, 638 (S.D.N.Y.2001) (holding that it would be "premature" to decide summary judgment before discovery); *cf. Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (noting that, under the federal rules, summary judgment should be "refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition"). This point relates back to the first because, had the Plaintiffs requested a pre-motion conference (as is required), the Court could have determined then whether and to what extent discovery would be necessary before entertaining a summary

---

1. Plaintiffs' filings indicate that they have done business with R.H. Love Galleries, Inc., for years, which would render such an allegation implausible.

2. Plaintiffs' briefing relies on an entirely inapposite line of cases relating to the liability of promoters of a forthcoming corporate entity. *See Tarolli Lumber Co., Inc. v. Andreassi,* 59 A.D.2d 1011, 399 N.Y.S.2d 739, 740 (4th Dep't 1977). There is no allegation here that Defendants were forming any company called R.H. Love Galleries.

judgment motion. Finally, Plaintiffs' motion is not necessarily as straightforward as they would make it appear because they have failed to address the affirmative defenses in Defendants' answer.

At the next conference with the parties, which is scheduled below, the Court will endeavor to have the parties agree on the scope of discovery and the ripeness of any future summary judgment motion.

## C. *MOTION FOR LEAVE TO AMEND*

■ Plaintiffs seek to amend their complaint to add a claim of fraudulent conveyance. Under Federal Rule of Civil Procedure 15, leave to amend "shall be freely given." Fed.R.Civ.P. 15. The Supreme Court has identified several factors which might permit a Court to deny such a motion, in spite of the permissive standard: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Defendants resist the amendment on the ground that it alleges facts which were not in the original complaint. Presumably, Defendants intend to suggest that adding new allegations at this stage of the litigation amounts to undue delay, or that such allegations would unduly prejudice the Defendants. The Court disagrees. First, the new facts alleged involve the same basic premise as the original complaint— the improper resale of certain pieces of art which Defendants did not own. Second, Defendants can hardly be heard to complain of undue delay or prejudice because the case has not even proceeded to discovery.

Defendants next argue that the amendment would be futile because it fails to comply with Federal Rule of Civil Procedure 9(b). Again, the Court disagrees. Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Conclusory allegations of fraud will be dismissed under Rule 9(b). *See Shemtob v. Shearson, Hammill & Co.*, 448 F.2d 442, 444 (2d Cir.1971).

The Second Circuit has "construed Rule 9(b) strictly in order to minimize strike suits, to protect defendants . . . from harm to their reputation resulting from ungrounded actions, and to give defendants notice of the precise conduct in issue." *Billard v. Rockwell Int'l Corp.*, 683 F.2d 51, 57 (2d Cir.1982). However, the Second Circuit has also recognized "an obvious tension between the requirements of Rule 9(b) and the practicality of alleging in elaborate detail facts constituting fraud prior to discovery," *id.*, as well as a tension with Rule 8, which only requires a short and concise statement of the claims. *See Felton v. Walston & Co.*, 508 F.2d 577, 581 (2d Cir.1974).

■ There are two types of fraudulent conveyance claims under New York law, distinguished as conveyances which are actually fraudulent, *see* N.Y. Deb. & Cred. Law § 276, and those which are constructively fraudulent, *see id.* § 273. *See United States v. Coppola*, 85 F.3d 1015, 1021 n. 5 (2d Cir.1996). The latter type of claim "need not be pled with particularity because, despite the statutory label of 'fraudulent conveyance,' it does not require an intent to deceive or any of the traditional elements of fraud." *Intuition Consol. Group, Inc. v. Dick Davis Publ'g Co.*, No. 03 Civ. 5063, 2004 WL 594651 (S.D.N.Y. Mar. 25, 2004) (citing *Bank of Montreal v. Bresner*, No. 92 Civ. 875, 1992 WL 296438, at *3 (S.D.N.Y. Oct. 8, 1992)). Because

Plaintiffs' proposed amended complaint alleges both types of fraudulent conveyance, Defendants' reliance on Rule 9(b) to resist the proposed amendment is misplaced, at least with respect to Plaintiffs' claim of constructive fraudulent conveyance.

■ As to the claim of actual fraudulent conveyance, Plaintiffs' allegations are plainly sufficient. Plaintiffs' complaint sets forth the details surrounding the re-sales of the art, including the identity of the buyers, the dates of the transactions, and the alleged consideration received. Those allegations are at least as particular as the model complaint for fraudulent conveyance in Official Form 13, which states in relevant part:

> Defendant C.D. on or about _____ conveyed all his property, real and personal . . . to defendant E.F. for the purpose of defrauding plaintiff and hindering and delaying the collection of the indebtedness evidenced by the note above referred to.

Fed.R.Civ.P. Form 13. Rule 84 specifically states that such forms "are sufficient under the rules." Fed.R.Civ.P. 84; *see also United States v. Gelb*, 783 F.Supp. 748, 757 (E.D.N.Y.1991) (holding that a complaint which closely tracked Form 13 satisfied Rule 9(b)); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1298, at 623–24 (2d ed. 1990) ("The proper balance between the simplicity sought in Rule 8 and the particularity required by Rule 9 is demonstrated by the illustrative fraud claim set out in Official Form 13, which is expressly declared to be a sufficient pleading by Rule 84."). Finally, the Court notes that, by specifying the dates and nature of the transactions, Plaintiffs' complaint "give[s] defendants notice of the precise conduct in issue." *Billard*, 683 F.2d at 57.

## III. *ORDER*

For the reasons stated, it is hereby

**ORDERED** that the motion of defendants R.H. Love Galleries, Inc., R.H. Love Galleries, and Richard Love ("Defendants") to dismiss, in part, the complaint of plaintiffs Spanierman Gallery, PSP, Spanierman Gallery, LLC, and Adelson Galleries, Inc. ("Plaintiffs") is granted. The first amended complaint is dismissed to the extent it asserts any claim against defendant Richard Love and to the extent it asserts any claim for punitive damages; it is further

**ORDERED** that Plaintiffs' motion for summary judgment is denied as premature; it is further

**ORDERED** that Plaintiffs' motion for leave to amend their first amended complaint is granted; it is finally

**ORDERED** that the parties appear before this Court for a status conference on June 10, 2004 at 4:00 p.m. in Courtroom 905 of the United States Courthouse, 40 Centre Street, New York, New York.

**SO ORDERED.**