■ UMG RECORDINGS, INC., Appellant, v FUBU RECORDS, LLC, et al., Respondents. [824 NYS2d 83]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered June 26, 2006, which, upon reargument, adhered to

a prior order, same court and Justice, entered on or about December 29, 2005, which granted defendants' motion to dismiss the complaint as against the GTFM defendants pursuant to CPLR 3211 (a) (7), unanimously affirmed, with costs. Appeal from the December 29, 2005 order unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

In this action for breach of a joint venture agreement to produce music videos, the motion court applied the correct standard of review in determining that plaintiff's "piercing the corporate veil" allegations of domination and control were conclusory (*see Leder v Spiegel*, 31 AD3d 266 [2006]) and unaccompanied by allegations of consequent wrongs (*see TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339-340 [1998]; *Sheridan Broadcasting Corp. v Small*, 19 AD3d 331, 332 [2005]), and were thus insufficient to state a claim against defendants GTFM, Inc. and GTFM, LLC for breach of the agreement signed only by plaintiff and FUBU Records. In interpreting the unambiguous agreement (*see Hirsch v Food Resources, Inc.*, 24 AD3d 293, 295 [2005]), the motion court properly found that it contradicted the allegations of the complaint (*see Wilhelmina Models, Inc. v Fleisher*, 19 AD3d 267, 269 [2005]; *HSA Residential Mtge. Servs. of Tex., Inc. v Stewart Tit. Guar. Co.*, 7 AD3d 426, 427 [2004], *lv denied* 3 NY3d 607 [2004]) and that plaintiff's interpretation would have rendered terms therein meaningless (*see 150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 6 [2004]; *Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave.*, 1 AD3d 65, 69 [2003], *lv dismissed* 2 NY3d 794 [2004]). The court did not resort to extrinsic evidence or prematurely determine issues of fact. Under the circumstances, defendant FUBU Records, LLC was bound by the agreement despite the use of its colloquial name without the entity designation (*see R.P.I. Servs., Inc. v Eisenberg*, 29 AD3d 459 [2006]; *Spanierman Gallery, PSP v Love*, 320 F Supp 2d 108, 111-112 [SD NY 2004]).

We have considered plaintiff's other contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Sullivan, Catterson and Malone, JJ.