■ LAWRENCE ZOMBEK, Respondent, v JULLIETTE WILLIAMS, Appellant

Plaintiff commenced an action seeking to evict defendant

from a rent-regulated apartment, arguing that defendant entered the premises unlawfully after the tenant of record, defendant's grandmother, died. A summons and complaint were served by substituted service on February 14, 1985. Defendant defaulted and, by motion returnable April 2, 1985, plaintiff moved for a default judgment. On the return date, defendant, arguing that the motion for a default judgment was the first notice of the action she had received, moved to vacate the default and to dismiss the petition for lack of personal jurisdiction. She claimed also that she had lived with her grandmother for a considerable amount of time prior to her grandmother's death.

The motion was argued before Justice Richard W. Wallach, who noted that CPLR 317 permits a court to vacate a default judgment when the defendant has been served with a summons other than by personal service, did not receive the summons in time to defend, and has a meritorious defense. By order dated June 12, 1985, Justice Wallach concluded that defendant possessed a "meritorious defense to this eviction" based on her claim that she had resided with her grandmother for a considerable period of time. However, recognizing that defendant disputed the existence of personal jurisdiction by claiming that she was never served with the summons and complaint the court ordered a traverse hearing on this issue and in the meanwhile held defendant's motion to vacate the default in abeyance.

At the traverse hearing, the process server testified that, on three occasions, he attempted to serve the defendant at her apartment and was unable to locate anyone. On the fourth occasion, an unidentified male answered the door, said defendant was not home, and refused to accept service. The process server then effected "nail-and-mail" service. Defendant testified that she never received the summons and complaint. The first notice she had of this action was when she received the motion papers for the default, which she promptly turned over to her lawyer.

The Referee, in a report dated February 21, 1986, found that plaintiff's witness was credible and that substituted service was properly effected. The Referee additionally recommended that defendant's cross motion to vacate the default be denied. Plaintiff moved to confirm the report and for entry of a default judgment before Justice Beatrice Shainswit. Defendant cross-moved to reject the Referee's recommendation to deny her motion and moved to vacate the default because she had not actually received the summons and complaint and

had raised a meritorious defense to the action. Without ever addressing the merits of the motion to vacate under CPLR 317, that court confirmed the Referee's report and ordered that a default judgment be entered for possession. Furthermore, without hearing evidence on the issue of reasonable use and occupancy, the court entered judgment for use and occupancy of $350 per month as requested by plaintiff.

In recommending that defendant's motion to vacate the default judgment be denied, the Referee exceeded the scope of the issue on which he was instructed to report, which was solely whether the proceeding should be dismissed for lack of personal jurisdiction. Whether or not the process server properly effected service so as to grant the court jurisdiction over the defendant, the traverse issue, is a separate inquiry from whether or not the summons and complaint actually found their way into defendant's hands, a CPLR 317 issue. Defendant-appellant does not dispute the Referee's finding that substituted service was accomplished. Rather, she disputes the Referee's recommendation, and its confirmation by Special Term, that her motion to vacate the default judgment should be denied.

The merits of the CPLR 317 motion depended on determinations as to whether defendant had actually received the summons and complaint in time to defend and whether she had presented a meritorious defense to the action. These issues were not the subject of the traverse hearing, nor were specific findings made on these issues. In ordering the traverse hearing on the jurisdictional issue, Justice Wallach specifically held in abeyance a ruling on the merits of the CPLR 317 motion. It was, therefore, erroneous for Justice Shainswit, in ruling on the motion to confirm the Referee's report, to deny the CPLR 317 motion without any independent consideration of its merits. Because the motion papers below and the testimony taken at the traverse hearing supply a full and adequate record from which to determine the merits of that motion, we have, in the exercise of our discretion, reviewed the merits of that motion, and we conclude that the default judgment should be vacated.

We credit defendant's assertion that the first notice she had of the instant action was when she received plaintiff's motion for entry of a default judgment. This was not the first instance of a legal dispute between the parties concerning lawful possession of the apartment. Plaintiff had previously commenced an action in Housing Court for possession of the apartment. Defendant appeared with her attorney from MFY

Legal Services, which determined that she was eligible for free legal representation from that office. In that action, defendant also raised her claim of having been a tenant in the apartment for quite some time. Plaintiff subsequently entered into a stipulation of dismissal, only to later commence the instant action in Supreme Court. Defendant's appearance at the prior action with counsel indicated her comprehension of the seriousness of the matter and the determination with which she intended to defend herself.

Further, the fact that she expeditiously sought to vacate the default judgment, by turning over to her attorney, on the very next day, the motion papers on the default, indicates as well that she never contemplated defaulting on this action. Being aware from the first action of the possible consequence of losing her apartment and having already obtained counsel, it stands to reason that defendant failed to timely answer the complaint only because she never received it.

As to the second prong of the test for CPLR 317 relief, the existence of a meritorious defense, Justice Wallach already determined that her defense had merit. Accordingly, we conclude that Special Term abused its discretion in failing to consider the merits of her motion and denying it. Special Term also erred in fixing a figure for use and occupancy without first having received competent evidence of the value of the apartment. Accordingly, those parts of the order which granted the plaintiff's motion for a default judgment and awarded him possession and use and occupancy at $350 a month are, therefore, reversed and defendant is permitted to serve a verified answer. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Asch, JJ.