■ MMB ASSOCIATES, Appellant, v ADELE DAYAN, Also Known as ADELE DYAN, et al., Respondents.—Order of the Supreme Court, New York County (Diane Lebedeff, J.), entered November 14, 1989, which denied plaintiff's motion for the award of use and occupancy during the pendency of the action (Real Property Law § 220), unanimously reversed, on the law, without costs, and the matter remanded to Supreme Court for a determination of the amount to be paid by defendant Adele Dayan for use and occupancy of the subject premises.

In a complaint dated June 21, 1989, plaintiff seeks damages for breach of contract together with specific performance of a written agreement to vacate the premises dated January 28, 1988 and ejectment of the tenant and subtenants. Issue was joined by service of an answer and counterclaims by defendant Dayan dated July 26, 1989, and plaintiff served a reply dated August 15, 1989. Prior to service of the answer, plaintiff moved, by way of order to show cause dated June 29, 1989, for the award of use and occupancy pursuant to section 220 of the Real Property Law. Supreme Court denied the request stating, "Because the underlying action seeks use and occupancy pursuant to Real Property Law § 220, to grant a preliminary order for the same relief prior to an answer would be inappropriate given the factual dispute."

It is apparent that the court misapprehended the context and function of the application before it. At the time the order appealed from was issued, not only had issue been joined but a reply served in response to defendant's counterclaims. The award of use and occupancy during the pendency of an action or proceeding "accommodates the competing interests of the parties in affording necessary and fair protection to both" (Haddad Corp. v Redmond Studio, 102 AD2d 730, 731) and preserves the status quo until a final judgment is rendered (Corris v 129 Front Co., 85 AD2d 176). It is manifestly unfair that defendant herein should be permitted to remain in possession of the subject premises without paying for their use (see, Abright v Shapiro, 92 AD2d 452, 453-454). Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.