(April 7, 1998)

■ TRUMP CPS L. L. P., Appellant, v ALVIN MEYER et al., Respondents. [670 NYS2d 854] —Order, Supreme Court, New York County (Edward Lehner, J.), entered September 17, 1996, denying plaintiff's cross-motion for use and occupancy, pendente lite, unanimously reversed, on the law and the facts, with costs, to the extent appealed from as limited by the briefs, the cross-motion granted and the matter is remanded for a determination of the reasonable use and occupancy, pendente lite, owed to plaintiff payable monthly beginning February 1, 1998.

Defendants Alvin and Catalina Meyer have lived in five adjoined rent stabilized apartments as tenants at 100 Central Park South for the past 30 years. Although it appears that they no longer reside in the premises, other defendants, including the tenants' daughter and a son of Mrs. Meyer from a prior marriage, occupy the apartments. The tenants have not paid rent for several years, claiming a constructive eviction arising from construction work directly in front of the apartment and damages arising from the destruction of art, antiques and other personal belongings during repair work within the apartment. The tenants also claim continuous harassment by the landlord, and that they have consistently been deprived of adequate services. The tenants commenced related litigation in that regard, which apparently remains pending (*Meyer v Trump,* index No. 7859/92, Sup Ct, NY County). The present action, seeking, *inter alia,* ejectment, possession of the premises and use and occupancy for the premises, in which the tenant defendants interposed defenses similar to the claims raised in the related litigation, was commenced by plaintiff landlord in 1996. In the present phase of this litigation, the landlord cross-moved to require the tenants to pay use and occupancy, pendente lite, until determination of the ejectment action, which was denied by the IAS Court.

Real Property Law § 220 provides that a landlord may recover reasonable compensation for the use and occupancy of

rental premises. Although the tenants contend that they no longer occupy the premises, and further contend that the landlord's activities have hindered the habitability of the premises, they do not deny that their family members, in fact, reside therein, undermining any contention that the premises remain uninhabitable (*compare, Phoenix Garden Rest. v Chu*, 202 AD2d 180). It is undisputed that there are presently no housing code violations placed against the premises. Nor do the tenants deny that many of their possessions remain in the joined apartments. Since the apartments are thus used and occupied by tenants and other defendants, the landlord is entitled to an appropriate payment pending the outcome of the underlying litigation (*MMB Assocs. v Dayan*, 169 AD2d 422; *Haddad Corp. v Redmond Studio*, 102 AD2d 730). However, since it cannot be determined from the present record what amount is appropriate, and the parties dispute what would be the present legal rent, the matter must be remanded for a determination of the reasonable amount of monthly use and occupancy, pendente lite, payable beginning February 1, 1998 (*Quiala v Laufer*, 193 AD2d 432; *MMB Assocs. v Dayan, supra*). Concur— Milonas, J. P., Ellerin, Williams and Tom, JJ.