*688 OPINION OF THE COURT
Gerald Lebovits, J.
In this summary holdover proceeding to recover a rent-stabilized apartment, petitioner moves under RPAPL 745 for use and occupancy from August 1, 2003 to date, or $29,044.74, at the last legal rent of $491.86 a month. Respondents argue that because they have asserted a breach of the warranty of habitability, petitioner is not entitled to past or future use and occupancy. Petitioner’s motion is granted to the extent explained below.
The parties have litigated this case for nearly five years. Petitioner initiated this proceeding in August 2003. Respondents ceased paying use and occupancy in August 2003. After respondents moved to dismiss for lack of personal jurisdiction, the court ordered a traverse hearing. Just before the traverse hearing, respondents again moved to dismiss on the basis of inadequate service. The Honorable Joseph E. Capella dismissed this proceeding in January 2005. Petitioner appealed, and the Appellate Term reinstated this proceeding on October 16, 2006. (See Shoshany v Goldstein, 13 Misc 3d 133[A], 2006 NY Slip Op 51957[U], *1 [App Term, 1st Dept 2006 per curiam].) Since then, the parties have attempted to settle. Now they are conducting disclosure.
A petitioner may seek use and occupancy when a respondent has requested two adjournments “or, upon the thirtieth day after the first appearance of the parties in court less any days that the proceeding has been adjourned upon the request of the petitioner, whichever occurs sooner.” (RPAPL 745 [2] [a].) Petitioner avers that the requisite 30 days since the parties’ first appearance have passed and that they have not requested any adjournments that might exclude the passage of any time. Respondents do not contest the passage of 30 days of includable time and do not contest the amount of arrears that petitioner alleges is due. Respondents may defeat a motion for use and occupancy if they establish any of the following four defenses under RPAPL 745 (2): petitioner is not a proper party to the proceeding; respondent was evicted and quit the premises; a defense under section 143-b of the Social Services Law; or lack of jurisdiction. But respondents have not raised any of these defenses.
Petitioner need not show that respondents have engaged in dilatory tactics to seek use and occupancy pendente lite under *689 RPAPL 745. Respondents argue that petitioner should be denied use and occupancy on the ground that petitioner has not met its burden to show that respondents have been dilatory. The court disagrees. Respondents rely primarily on Hung-Thanh, Inc. v Doktori (NYLJ, Oct. 28, 1993, at 27, col 3 [App Term, 1st Dept per curiam]) and 390 W. End Assoc. L.P. v Kleinman (24 HCR 110A [Hous Part, Civ Ct, NY County, June 23, 1995]). These cases, which hold that to receive use and occupancy pendente lite a petitioner must show that a respondent has engaged in dilatory tactics, are not dispositive. They predate the current version of RPAPL 745, which was amended in 1997. The current version of RPAPL 745 does not require a petitioner to show dilatory tactics. In any event, the history of this proceeding suggests that petitioner has not delayed a final resolution.
Accordingly, the court directs respondents to pay, by July 15, 2008 and without prejudice, the total amount of the arrears through June 2008. As of June 30, 2008, the arrears total $29,044.74. Because this amount is undisputed and because the subject building contains 12 units, respondents should pay this amount directly to petitioner. (See RPAPL 745 [2] [a] [“When the rental unit . . . contain(s) twelve or fewer units . . . (a)ny such undisputed amount shall be paid directly to the petitioner . . .”].)
Petitioner is entitled to use and occupancy even though respondents allege that petitioner breached the warranty of habitability. Breach of the warranty of habitability is not a defense that allows respondents to withhold use and occupancy over a five-year period. (See Matter of Notre Dame Leasing v Rosario, 2 NY3d 459, 467 [2004] [finding that tenants “must” deposit use and occupancy under RPAPL 745 even if they “claim() a breach of warranty of habitability” or “seek an abatement”].)
This court has the broad discretion to award use and occupancy pendente lite. (Alphonse Hotel Corp. v 76 Corp., 273 AD2d 124, 124 [1st Dept 2000 mem].) Respondents have not paid rent for almost five years but have enjoyed use and possession of the premises. Petitioner has expended time and money to maintain the premises. The subject building contains 12 units; the amount of time and money necessary to keep the building and the premises in good repair is considerable. Respondents should not be allowed to withhold the resources necessary to maintain the building and the premises. (See Central Hudson Assoc, v Brown, NYLJ, Mar. 26, 1986, at 11, col *690 6 [App Term, 1st Dept per curiam] [noting that court may order use and occupancy pendente lite because of landlord’s need for money to furnish essential services].) To accommodate and protect both parties and to preserve the status quo until this proceeding is resolved, the court therefore directs respondents to pay, without prejudice, all future use and occupancy to petitioner, beginning with July 2008, at the last legal rent of $491.86 a month. (See MMB Assoc. v Dayan, 169 AD2d 422, 422 [1st Dept 1991 mem] [noting that award of use and occupancy during proceeding accommodates parties’ competing interests by preserving status quo until final resolution].)
Paying use and occupancy will not prejudice respondents. They are entitled to make arguments and seek remedies at trial for any breach of the warranty of habitability in response to petitioner’s claims for use and occupancy. (See e.g. King Enters. Ltd. v Mastro, 2001 NY Slip Op 40162[U], *4 [Hous Part, Civ Ct, NY County, June 1, 2001] [noting that a “warranty of habitability claim may be entertained by the court (at trial) in setting the amount of use and occupancy”].)
If respondents want repairs while this proceeding is pending, they should submit an order to show cause, and the court will order petitioner to make repairs as required by law on mutually agreeable access dates.
This proceeding is marked off the calendar. Once disclosure is completed, either party may restore this proceeding to the court’s calendar by stipulation or motion.