Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 16, 2013, which, insofar as appealed from, denied plaintiffs landlords’ motion to direct defendants tenants to pay for use and occupancy of the subject apartment and granted defendants’ cross motion for leave to amend their answer to assert an affirmative defense requesting transfer of this action to Civil Court and counterclaims for attorney’s fees and for harassment and discrimination, unanimously modified, on the law, to grant plaintiffs’ motion to the extent of awarding use and occupancy pendente lite at the rate of $1,595.53 per month, and awarding use and occupancy arrears retroactive to *555 January 13, 2012, and remanding the matter for calculation of the amount of retroactive arrears, and otherwise affirmed, without costs.
Plaintiffs are entitled to an order requiring defendants to pay use and occupancy pending the determination of this action (see Levinson v 390 W. End Assoc., L.L.C., 22 AD3d 397, 403 [1st Dept 2005]; MMB Assoc. v Dayan, 169 AD2d 422 [1st Dept 1991]). The amount sought, $1,595.53 per month, is the amount of monthly rent under the last lease effective between the parties, and, as such, is fair (see Eli Haddad Corp. v Redmond Studio, 102 AD2d 730, 731 [1st Dept 1984]). Plaintiffs are also entitled to an award of use and occupancy arrears as indicated (see Shoshany v Goldstein, 20 Misc 3d 687, 689 [Civ Ct, NY County 2008]).
The motion court did not abuse its discretion in granting defendants leave to assert a request for transfer to Civil Court as an affirmative defense. Whether the action should actually be transferred is a matter to be decided by Supreme Court, in its discretion, should either party affirmatively move for such relief. “The Civil Court is the preferred forum for resolving landlord-tenant issues” (44-46 W. 65th Apt. Corp. v Stvan, 3 AD3d 440, 441 [1st Dept 2004]), and where, as here, the “primary relief sought is repossession of the premises,” the addition of a prayer for declaratory or equitable relief does not negate the presumption that Civil Court is the preferred forum (Waterside Plaza v Yasinskaya, 306 AD2d 138, 139 [1st Dept 2003] [internal quotation marks omitted]).
Since no party has produced a copy of the original lease, the motion court did not abuse its discretion in granting defendants leave to assert a counterclaim for attorney’s fees hypothetically, “[i]n the event that” there is a lease between the parties “containing an applicable legal fees clause” (see CPLR 3014). The motion court also providently exercised its discretion in granting defendants leave to amend their answer to assert a counterclaim for harassment and race-based discrimination. Concur — Gonzalez, PJ., Tom, Saxe, Freedman and ManzanetDaniels, JJ.