10E53 Owner LLC v Bruderman Asset Mgt. (2022 NY Slip Op 01228)





10E53 Owner LLC v Bruderman Asset Mgt.


2022 NY Slip Op 01228


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Acosta, P.J., Kapnick, Friedman, Singh, Pitt, JJ. 


Index No. 654450/20 Appeal No. 15374 Case No. 2021-01723 

[*1]10E53 Owner LLC, Plaintiff-Respondent,
v
Bruderman Asset Management, Defendant-Appellant.


The Law Firm of Elias C. Schwartz, PLLC, Great Neck (Marc J. Monte of counsel), for appellant.
Stempel Bennett Claman & Hochberg, P.C., New York (Edmond P. O'Brien of counsel), for respondent.



Order, Supreme Court, New York County (Melissa Anne Crane, J.), entered April 30, 2021, which granted plaintiff's motion for an award of use and occupancy pendente lite to the extent of directing defendant to pay use and occupancy at a rate of $311,263.78 per month nunc pro tunc to February 1, 2021, with the February, March, and April 2021 amounts due no later than May 20, 2021, and the May 2021 amount due no later than May 28, 2021, unanimously affirmed, without costs.
The court providently exercised its discretion in awarding plaintiff pendente lite use and occupancy, as it would have been "manifestly unfair" for defendant "to remain in possession of the subject premises without paying for their [its]" (MMB Assoc. v Dayan, 169 AD2d 422 [1st Dept 1991]).
Defendant's argument that the court's award of use and occupancy at the 200% holdover rate specified in the parties' lease was punitive and an improvident exercise of discretion is improperly raised for the first time on appeal, and we decline to consider it (see e.g. Zappala v Caputo, 17 Misc 3d 126[A], 2007 NY Slip Op 51808[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; see generally Chateau D' If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).
Contrary to defendant's argument, the court is empowered to award prospective use and occupancy pendente lite if the circumstances warrant (see Esposito v Larig, 174 AD3d 574, 576 [2d Dept 2019]). Furthermore, we note that the court did not order defendant to pay use and occupancy for May 2021; rather, the court ordered defendant to pay use and occupancy retroactive to February 2021 through so long as defendant remained in possession of the premises and set due dates for the amounts owed for February through May 2021. While defendant's claim that it surrendered the premises on May 11, 2021 is not borne out by the record — nor could it be, since that postdates the order on appeal — we note that there is nothing preventing defendant from moving to fix the amount owed to plaintiff under the court's order, if it feels the need to have that amount judicially computed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022