**James v Harriet Tubman Gardens Apt. Corp.**

2024 NY Slip Op 31541(U)

April 30, 2024

Supreme Court, New York County

Docket Number: Index No. 652541/2020

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. LISA S. HEADLEY</u>       PART          **28M**

*Justice*

-------------------------------------------------------------------------------X

VENITA L JAMES,

             Plaintiff,

       - v -

HARRIET TUBMAN GARDENS APARTMENT
CORPORATION, KYROUS REALTY GROUP,
INC.,NICHOLAS GROSS, JULIA GROSS,

            Defendant.

-------------------------------------------------------------------------------X

NICHOLAS GROSS, JULIA GROSS

            Plaintiff,

      -against-

BUCKMILLER AUTOMATIC SPRINKLER CORP., ATLAS &
DESIGN CONTRACTORS INC.

            Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652541/2020 |
| **MOTION DATE** | 12/18/2023 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595938/2020

The following e-filed documents, listed by NYSCEF document number (Motion 003) 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154

were read on this motion to/for        <u>        INJUNCTION/RESTRAINING ORDER        </u>.

Plaintiff, Venita L. James ("Plaintiff"), filed the instant Order to Show Cause, seeking 1) to amend the plaintiff's complaint, pursuant to *CPLR §3025(b)*, by adding Citizens Bank as an additional Defendant, add Citizens to the relevant parts of the Complaint, add other minor additions to clarify the Complaint, and to amend the caption accordingly; and 2) to enjoin Kyrous Realty Group Inc. ("Kyrous"), and the Harriet Tubman Gardens Apartment Corporation ("Co-op"), pursuant to *CPLR article §63*, from demanding maintenance and/or assessment fees from the plaintiff and Citizens Bank *pendente lite*. Defendants Co-op and Kyrous (hereinafter collectively referred to as "defendants") filed opposition, and plaintiff filed a reply.

## I.     <u>Background</u>

On June 17, 2020, plaintiff commenced this action against defendants for damages sustained to her apartment, Unit 7K in the building located at 2235 Frederick Douglas Boulevard, New York, New York ("Subject Premises"). Plaintiff and defendant Co-op signed the Proprietary Lease agreement, upon the purchase of her share of the Co-op on October 8, 2003. (*See, NYSCEF*

**652541/2020 JAMES, VENITA L vs. HARRIET TUBMAN GARDENS**          **Page 1 of 7**
**Motion No. 003**

1 of 7

*Doc. 143*). The plaintiff and HSBC Mortgage Corporation (USA) Bank executed a "Recognition Agreement," whereby plaintiff secured a loan for the security interest, mortgage and/or assignment of the shares of the Co-op allocated to the subject premises. (*See, NYSCEF Doc. No. 144*).

In the Complaint, plaintiff states the following causes of actions: 1) for breach of the proprietary lease; 2) for breach of warranty of habitability; 3) to direct defendants to approve architectural plans so that plaintiff may begin repairs to the subject premises; 4) to declare the subject premises uninhabitable; 5) for negligence; 6) for willfully, wantonly and without good cause refusing to repair or approving the plans to begin the repairs of the subject premises.

Specifically, plaintiff's complaint alleges that on July 16, 2018, the water from the sprinkler head in the apartment located on the floor above the plaintiff, that is occupied by Nicholas and Julie Gross, in Unit 8F ("Unit 8F Apartment"), caused damage throughout her apartment, and rendered the subject premises uninhabitable. Plaintiff claims that the City of New York Department of Buildings issued violations because of the "wrecked state" of the subject premises, including the destroyed floors, walls, ceilings, and mold formation.

Plaintiff claims her insurance company, State Farm, arranged for her to temporarily stay at a Best Western Plaza Hotel on October 5, 2018, and then on October 7, 2018, plaintiff moved to an Extended Stay of America for two years. Plaintiff's insurance company paid her rent or maintenance fees through October 6, 2020. Plaintiff alleges that the defendants failed to properly renovate the subject premises after the water damage caused by the Unit 8F Apartment, and then mailed plaintiff a check from the defendants' insurance company in the amount of $23,252.49. Plaintiff claims that she returned the check to the defendants, and that the defendants did nothing to fix the condition of her apartment, and caused plaintiff to perform the renovations of the subject premises on her own.

Plaintiff also claims the defendants approved her renovations plans on August 20, 2020, after previously refusing to sign off on her renovation plan since May 2019. On October 9, 2021, plaintiff claims her contractor began renovating the subject premises.

On December 16, 2020, plaintiff moved to Tuckahoe, New York, and then she moved again on August 1, 2021, to an apartment in Eastchester, New York, where she currently resides. Plaintiff contends that on December 16, 2020, in response to delinquent assessment notices and fees for the subject premises sent to her mortgage lender, the defendants, HSBC, Citizens Bank predecessor in interest, paid protective payments to the defendants in the amount of $15,839.30. Plaintiff claims that on November 1, 2021, HSBC sent her a statement that a protective payment of $2,601.12 was paid to the defendants for maintenance fees.

On February 1, 2023, plaintiff contends she received a statement from her mortgage lender, now Citizens Bank, for $29,348.10 for protective payments made in response to the defendants' demand for maintenance fee arrears. On August 1, 2023, plaintiff contends that she received another statement from Citizens Bank with a negative escrow balance of $17,671.69 because of protective payments made to the defendants for maintenance arrears. Plaintiff alleges that through the date of the filing of this Order to Show Cause in November 2023, plaintiff's mortgage lender

**652541/2020   JAMES, VENITA L vs. HARRIET TUBMAN GARDENS**                        **Page 2 of 7**
**Motion No.  003**

2 of 7

paid about $52,983.18 in protective payments in response to the defendants' "improper demands for maintenance arrears." Furthermore, the plaintiff claims she made a total of $5,600.00 in payments to defendants for maintenance fees, which should be abated because of their proprietary lease provision, section 4(b). However, the plaintiff contends that on August 22, 2023, Kyrous sent her another statement for fees in the amount of $5,051.51.

Plaintiff now moves this Court to amend the complaint to add Citizens' Bank as a necessary party to this action, and to enjoin the defendants from demanding improper fees, as well as, to enjoin Citizens' Bank from making any protective payments for such fees.

## II.     Amend the Complaint and Add Citizens Bank as a Party

Plaintiff's Order to Show Cause seeks leave to serve a supplemental summons and amended complaint, adding Citizens Bank as party, along with "minor additions to clarify the complaint." "Leave to amend pleadings under *CPLR §3025(b)* should be freely given, and denied only if there is 'prejudice or surprise resulting directly from the delay,' or if the proposed amendment 'is palpably improper or insufficient as a matter of law".' *CPLR §3025(b)*; *see also*, *McGhee v. Odell*, 96 A.D.3d 449, 450 (1st Dep't 2012). [internal citations omitted]).

The plaintiff's application to amend the complaint in order to add Citizens Bank as a necessary party to this action is granted. Plaintiff claims that the non-party, Citizens Bank, a banking organization, made improper payments to the defendants in the amount of $52,983.18, which represents protective payments that were levied by Citizens Bank as against Plaintiff's escrow account. Specifically, in the fourth cause of action of plaintiff's amended complaint, plaintiff requests, *inter alia*, an Order to declare the apartment uninhabitable and to direct Citizens to stop billing plaintiff for monthly arrears in maintenance. Here, the defendants have not alleged any prejudice or surprise to adding Citizens Bank as a party. Further, the Court finds there would be no prejudice to the defendant to adding Citizens' Bank as a party in this action, and adding Citizens to the relevant parts of the complaint. Here, the defendant does not state opposing arguments to adding Citizens Bank as a party.

The plaintiff also seeks to amend the complaint to add purported minor changes, including an exacerbation claim within the first cause of action, that the subject premises had a preexisting condition because the construction of the building was allegedly defective, including the window frames and interior walls. Plaintiff asserts that the defendants commenced a prior action, *Harriett Tubman Gardens Apartment Corporation v. H.T. Development Corporation, Bluestone Organization, and York Restoration Corporation*, Index No. 652532/2014 ("the 2014 action") for, *inter alia*, negligent improper construction of the subject building and the individual units in the subject building.

In opposition, defendants Harriet Tubman Gardens Apartment Co-Op and Kyrous Realty Group, argue that plaintiff's motion to amend includes proposed new allegations that are conclusory, speculative, and unsupported by any evidentiary showing establishing the merits of the complaint. Defendant contends that the proposed amended complaint claims that the building was so poorly constructed that the subject incident on July 16, 2018, was an "exacerbation of a prior condition in her apartment," however, the plaintiff failed to state any prior conditions in her

**652541/2020   JAMES, VENITA L vs. HARRIET TUBMAN GARDENS**                                    **Page 3 of 7**
**Motion No.  003**

3 of 7

apartment sustained at all which would have been exacerbated from the subject incident. Defendant asserts, *inter alia*, the plaintiff's original complaint, Bill of Particulars and deposition testimony never mentioned any prior condition within her apartment before the July 16, 2018, incident. Defendant argues that there is no affidavit included, and since the plaintiff resided in the subject premises since 2003, she would have noticed if her apartment sustained any kind of damage before the subject incident. Defendants argue that no allegations of the prior condition of the subject premises was ever pled, or was included in the plaintiff's testimony.

Defendant also argues that the proposed amended complaint would prejudice the defendants. Specifically, the defendant alleges that paragraphs 16 through 18 of the proposed amended complaint would lead this case to be joined with the 2014 action, which asserts, *inter alia*, claims that the subject building was poorly maintained. Defendant claims that the proposed complaint alludes to the 2014 action as alleged "proof" that the asserted claims of exacerbation must exist here. However, such assertion would cause a delay in this case for no reason, other than to connect this case with an unrelated case filed in 2014. Defendants also argue that the proposed amended complaint would cause further undue delay in this case because the plaintiff is attempting to have the 2014 action joined with this case.

Further, the defendants argue the plaintiff's motion to amend the complaint is unduly delayed because it has been over three years since the plaintiff served her original summons and complaint, and since a significant amount of time has passed since the original complaint, plaintiff has not provided an excuse for such delay. Therefore, the plaintiff's late amendment in the proposed amended complaint should be denied.

"While plaintiff was or should have been aware of the facts and theories asserted in the amended complaint long before amendment was actually sought, delay alone is not a sufficient ground for denying leave to amend." *Greenburgh Eleven Union Free Sch. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 298 A.D.2d 180, 181 (1st Dept 2002). In the absence of prejudice, plaintiffs' delay in seeking to amend … is not a sufficient reason to deny the amendment. *Sheppard v. Blitman/Atlas Bldg. Corp.*, 288 A.D.2d 33, 34 (1st Dep't 2001). "Prejudice occurs when the party opposing amendment 'has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position'." *Jacobson v. McNeil Consumer & Specialty Pharmaceuticals*, 68 A.D.3d 654-55 (1st Dep't 2009).

Here, the Court finds that the portion of the plaintiff's Order to Show Cause to add "other minor additions to clarify the complaint" is denied. Although the delay in filing the amended complaint, over three years after the commencement of this action, would not be a sufficient ground alone to deny the motion to amend, the Court finds there would be prejudice to the defendant. Plaintiff seeks to include an exacerbation claim of the damages she sustained as a result of the subject incident because the subject building was defectively constructed. The plaintiff's amended complaint references the 2014 action, that is currently being litigated, and involves determining whether the subject building was actually defectively constructed. It should be noted that the issues involving the alleged defective construction of the subject building has not yet been determined.

652541/2020 JAMES, VENITA L vs. HARRIET TUBMAN GARDENS
Motion No. 003

Page 4 of 7

4 of 7

[* 4]

Contrary to the plaintiff's contentions, the purported changes to the complaint are not minor, and if the exacerbation claim is asserted at this juncture, it would prejudice the defendants because the amendment would lead this case to be entangled with the building construction issues that have been before another court for over 10 years, and continues to be litigated. This would cause undue prejudice to the defendants since this case involves damages that were caused from the water leak that occurred while the co-defendants, Nicholas and Julia Gross, were in the course of renovating their apartment, and adding the exacerbation claim would shift the case to whether the building was defectively constructed, which is not relevant to the causes of actions stated in the original complaint.

### III.     Enjoin Defendants from Demanding Maintenance Fees *Pendente Lite*

The plaintiff seeks to enjoin defendants from demanding improper maintenance fees, as well as to enjoin the non-party, Citizens Bank, from making any protective payments for such fees *pendente lite*. Defendant argues that the plaintiff continued to reside in her apartment after the date of the subject incident through October 2018, and she only paid maintenance until May 2019. Then the plaintiff stopped making payments in contravention to the Proprietary Lease and the Recognition Agreement.

To obtain a preliminary injunction, the movant must show: (1) a likelihood of success on the merits; (2) irreparable harm absent the relief sought and (3) the balance of equities in its favor. *Aetna Ins. Co. v. Capasso,* 75 N.Y.2d 860, 862 (1990).

*CPLR §6301* states:

> "[a] preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, or in any action where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff. A temporary restraining order may be granted pending a hearing for a preliminary injunction where it appears that immediate and irreparable injury, loss, or damage will result unless the defendant is restrained before the hearing can be had."

*CPLR §6301*.

"A court has broad discretion in awarding use and occupancy during the course of litigation." *See, Dye v. RBNB 20 Owner LLC,* No. 155646/22, 2024 WL 1098431 (N.Y. App. Div. Mar. 14, 2024). "Under New York law, a landlord's entitlement to receive, and an occupant's obligation to pay, a reasonable fee for use and occupancy of a premises is not contingent on an underlying contract; rather, ... is predicated upon the theory of *quantum meruit*[.]" (internal citations omitted). It is well-settled that the landlords are entitled to an appropriate payment pending the outcome of the underlying litigation. *See*, *Trump CPS L.L.P. v. Meyer*, 249 A.D.2d 22, 23 (1st Dep't 1998).

**652541/2020   JAMES, VENITA L vs. HARRIET TUBMAN GARDENS**                                    **Page 5 of 7**
**Motion No.  003**

5 of 7

Here, plaintiff cannot establish the likelihood of success on the merits as it pertains to whether she is contractually obligated to pay the maintenance payments pursuant to the proprietary lease. Defendants argue that "maintenance payments are for services that affect the good of the entire building community, not just for the plaintiff's apartment. Plaintiff has also failed to show that she has no adequate remedy at law and that she would suffer irreparable injury absent the injunction."

Plaintiff argues that she refused to pay the maintenance fees because the subject premises was uninhabitable for over five years as a result of the water damage, structural defects, mold formation, and the defendants failing to perform proper renovations, however, it is undisputed that the plaintiff acknowledged in her affidavit that she hired contractors to "renovate [her] apartment properly and up to code" (*See, NYSCEF Doc. No. 153*).

Here, there is no dispute that the plaintiff is subject to the Proprietary Lease agreement and the Recognition agreement with her mortgage lender. According to Provision 1 (a) of the Proprietary Lease, the Rent or Maintenance Charges is payable by the plaintiff, as cash requirements and also for assessments for any repair, alteration, or improvement to the corporate property. (*See*, *NYSCEF Doc. 143).* Provision 12 of the Proprietary Lease sets forth the defendant-lessor's right to collect the payment of rent from the plaintiff. Provision 39 of the lease sets for the rights of the defendants, including sending written notice to the Lender-Bank of the plaintiff's default. *Id*.

The payment of the maintenance fees during the course of this litigation will not affect plaintiff's ability to obtain a resolution of her alleged breach of warranty of habitability claim, as the plaintiff may be entitled to an abatement or reimbursement if such claim is successful. Here, the plaintiff fails to satisfy the standard for injunctive relief, including success on the merits and irreparable harm. The Proprietary Lease agreement and the Recognition agreement are in effect, and plaintiff acknowledges that she has control and use of the subject premises since she retained a contractor to fix the apartment, and such repairs were underway. Undoubtedly, her "irreparable injury" that being alleged that the premises is unhabitable will be or has been remedied by her contractor's repairs to the apartment to bring it up to code. Furthermore, the defendants would be prejudiced by the financial harms they would incur if the preliminary injunction preventing the collection of maintenance fees during the course of this case is granted.

Therefore, the portion of the plaintiff's application seeking to prohibit the defendants from obtaining maintenance and/or assessment fees from plaintiff while this case is pending is denied. The portion of the application seeking to enjoin defendants from demanding payments for plaintiff's maintenance fees during the course of this litigation from Citizens Bank is also denied.

Accordingly, it is hereby

**ORDERED** that the portion of the Plaintiff's Order to Show to amend Plaintiff's complaint by adding Citizens Bank as an additional defendant, and amend the caption accordingly is GRANTED, and it is further

652541/2020   JAMES, VENITA L vs. HARRIET TUBMAN GARDENS                    Page 6 of 7
Motion No.  003

6 of 7

**ORDERED** that the portion to the Plaintiff's Order to Show Cause seeking to add Citizens to the relevant parts of the Complaint is GRANTED to the extent that Citizens shall be added to the Fourth Cause of Action; and it is further

**ORDERED** that the portion of the Plaintiff's Order to Show Cause to add "other minor additions to clarify the complaint," is DENIED; and it is further

**ORDERED** that the portion of the plaintiff's Order to Show Cause to enjoin defendants, Kyrous Realty Group, Inc, and the Harriet Tubman Gardens Apartment Corporation, from demanding maintenance and/or assessment fees from the plaintiff *pendente lite,* pursuant to *CPLR Article 63* is DENIED; and it is further

**ORDERED** that the portion of the plaintiff's Order to Show Cause to enjoin defendants, Kyrous Realty Group, Inc, and the Harriet Tubman Gardens Apartment Corporation, from demanding maintenance and/or assessment fees from Citizens Bank *pendente lite*, pursuant to *CPLR Article 63* is DENIED; and it is further

**ORDERED** that the defendants may file an Amended Answer to the Complaint within 30 days of the plaintiff's filing of the Amended Complaint, in accordance with this Order; and it is further

**ORDERED** that the plaintiff is directed to file form EF-23 to reflect the change in the caption; and it is further

**ORDERED** that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to amend their records to reflect such change in the caption herein; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases*; and it is further

**ORDERED** that any relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision/Order of the Court.

**4/30/2024**
**DATE**

**LISA S. HEADLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652541/2020   JAMES, VENITA L vs. HARRIET TUBMAN GARDENS**
**Motion No.  003**

**Page 7 of 7**

[* 7]

7 of 7