A&D Family Homes, LLC v Herz (2024 NY Slip Op 04735)

A&D Family Homes, LLC v Herz

2024 NY Slip Op 04735

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Index No. 154298/21 Appeal No. 2659 Case No. 2023-02163, 2023-04770

[*1]A&D Family Homes, LLC, Plaintiff-Respondent,
v
Rifka Herz, Defendant-Appellant.

Rifka Herz, appellant pro se.
Novick Edelstein Pomerantz P.C., Yonkers (Gregory S. Bougopoulos of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Paul A. Goetz, J.), entered March 28, 2023, which, inter alia, granted plaintiff A&D Family Homes, LLC's motion for summary judgment on its claim for recovery of use and occupancy in the amount of $56,000, and dismissing defendant Rifka Herz's counterclaims, unanimously modified, on the law, to the extent of vacating the award of $56,000 in use and occupancy to plaintiff and remanding the matter for a hearing to determine the reasonable value of use and occupancy of the subject property, and otherwise affirmed, without costs. Appeal from so much of aforesaid order, which granted plaintiff summary judgment on its claim for ejectment, unanimously dismissed, without costs, as moot.
Because defendant voluntarily vacated the apartment in April 2023 and no longer has a claim to the property in accordance with the 2021 judgment of divorce, the cause of action and issues related to ejection and possession have been rendered moot (see Branic Intl. Realty Corp. v Pitt, 24 NY3d 1005, 1007 [2014]; see also Parkcheter Preserv. Co. L.P. v Adams, 50 Misc 3d 136[A], 2016 NY Slip Op 500066[U] [App Term, 1st Dept 2016]). Contrary to defendant's arguments, which were raised for the first time in a reply brief, the exception to the mootness doctrine does not apply (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
The parties acknowledge that defendant occupied the apartment from at least 2011 through April 2023 and that no lease or other contract existed between them. Plaintiff seeks use and occupancy for the period between January 2022 and April 2023. Although there is no contractual privity between the parties, defendant is liable to plaintiff for unpaid reasonable value of use and occupancy (see Trump CPS v Meyer, 249 AD2d 22, 23 [1st Dept 1998]). Reasonable value is fair market value, and it is the landlord's burden, not the tenant's, to prove reasonable value of use and occupancy (see Mushlam, Inc. v Nazor, 80 AD3d 471, 472 [1st Dept 2011]). In order to determine the reasonable value of the property, the court may only fix a figure after having received competent evidence of the value of the premises (see Zombek v Williams, 124 AD2d 524, 527 [1st Dept 1986]).
Here, plaintiff failed to submit competent evidence of the reasonable value of the subject property, such as evidence of rental agreements for comparable apartments in the same building. Accordingly, the matter is remanded for a hearing on the reasonable value of use and occupancy of the apartment in question between January 2022 and
April 2023.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024