Gramercy Realty LLC v Vasiljevic (2025 NY Slip Op 50785(U))

[*1]

Gramercy Realty LLC v Vasiljevic

2025 NY Slip Op 50785(U)

Decided on May 19, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 19, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570173/25

Gramercy Realty LLC, Petitioner-Landlord-Appellant,
against
Nada Vasiljevic, Respondent-Tenant-Respondent, and Joseph Foley, "John Doe" and "Jane Doe," Respondents-Undertenants.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Alberto Gonzalez, J.), dated January 6, 2025, which, upon the grant of a stay of this holdover proceeding pending determination of tenant's DHCR complaint, denied so much of landlord's motion for use and occupancy during the period of the stay, and to direct DHCR to expedite the proceeding.

Per Curiam.
Order (Alberto Gonzalez, J.), dated January 6, 2025, modified to the extent of granting landlord's motion for the payment of interim use and occupancy in accordance with this decision; as modified, order affirmed, without costs.
Upon the grant of a stay of this holdover proceeding pending a determination of tenant's Division of Housing and Community Renewal rent overcharge complaint (see CPLR 2201), Civil Court should have directed tenant to pay prospective use and occupancy in the amount previously paid as rent on each rental due date (see Kinglsey v 300 W. 106th St. Corp., 162 AD3d 420, 420-421 [2018], lv dismissed 32 NY3d 1134, rearg denied 33 NY3d 1008 [2019]; Eli Haddad Corp. v Redmond Studio, 102 AD2d 730, 731 [1984]; Park Corner Dev., LLC v Veronese, 39 Misc 3d 150[A], 2013 NY Slip Op 50961[U], * 1 [App Term, 1st Dept 2013]).
CPLR 2201 expressly provides that "the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just." Here, the award of use and occupancy during the pendency of the "proceeding accommodates the competing interests of the parties in affording necessary and fair protection to both and preserves the status quo until a final judgment is rendered" (MMB Assoc. v Dayan, 169 AD2d 422, 422 [1991] [internal quotations and citation omitted]), and it would be "manifestly unfair" for tenant "to remain in possession of the subject premises without paying for [its] use" (id.; see also 10E53 Owner LLC v Bruderman Asset Mgt., 202 AD3d 609, 609 [2022]).
We have examined landlord's remaining contention and find it to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 19, 2025