| |
|---|
| **Brookford, LLC v Epstein** |
| 2025 NY Slip Op 32334(U) |
| July 1, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160683/2021 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**             PART                    14

*Justice*

-----------------------------------------------------------------------------X

BROOKFORD, LLC

                                                  Plaintiff,

                       - v -

NOAH EPSTEIN,

                                           Defendant.

-----------------------------------------------------------------------------X

| INDEX NO. | 160683/2021 |
|---|---|
| MOTION DATE | 06/20/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 109

were read on this motion to/for                       JUDGMENT - SUMMARY          .

        Defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment are decided as described below.

**Background**

        Plaintiff commenced this action for use and occupancy relating to an apartment in the building it owns. It alleges that defendant took possession of the subject apartment when defendant's grandmother, a former rent-controlled tenant, passed away. Plaintiff claims that defendant was not permitted to sublet the apartment and that he had not actually occupied the apartment since 2014.

        The former tenant of the unit was defendant's grandmother, who had lived in the unit since the 1950s before she passed away at age 102 in March 2021. Defendant allegedly occupied the unit from 2009 until 2014, when he entered the Navy. He insists he was stationed in Fairfax, Virginia with his wife and three children when this action was commenced. Defendant argues

160683/2021   BROOKFORD, LLC vs. EPSTEIN PH.D, NOAH
Motion No.  002

Page 1 of 9

that his grandmother lived with the nanny of defendant's cousin after defendant left the apartment. He claims that this individual's boyfriend (Mr. Frank) later moved in. At some point, the nanny moved out, but her boyfriend remained in the apartment and stayed until January 2022 (after defendant's grandmother passed away). Defendant claims that he never had any formal relationship with Mr. Frank other than to purportedly tell him to vacate the unit.

In this motion, defendant argues that he never actually took possession of the unit after his grandmother's death in March 2021 and that, therefore, he cannot be held liable for the use and occupancy. Defendant argues that his assertion of succession rights is not the same as actually occupying the apartment and does not constitute a basis to seek damages against him. He emphasizes that there was another individual who occupied the unit pursuant to a license granted by his grandmother, the tenant, while she was alive and that defendant had no relationship with this person. Defendant also claims that he should not be held liable for the removal of the grandmother's property as he had no legal obligation to ensure that vacant possession was provided to plaintiff. He argues that it was the obligation of his grandmother's estate to return the premises to plaintiff vacant.

Defendant admits that by letter dated April 14, 2021, he told plaintiffs he was seeking to be recognized as a successor-tenant. His theory was that as an active-duty military member, his primary residence had remained in the apartment regardless of where he was stationed. Plaintiff apparently rejected that request and the parties continued to communicate about this issue for the next few months. Defendant attaches a letter dated December 9, 2021 from his attorneys in which he withdrew his request to be recognized as the successor rent-controlled tenant (NYSCEF Doc. No. 77). He emphasizes that he took no legal action, such as commencing a lawsuit, to formally seek succession rights.

**160683/2021 BROOKFORD, LLC vs. EPSTEIN PH.D, NOAH**
**Motion No. 002**

**Page 2 of 9**

2 of 9

[* 2]

In opposition and in support of its cross-motion for summary judgment, plaintiff argues that defendant's letter in April 2021 threatened plaintiff with legal action should it seek to take over the apartment. Plaintiff claims that this letter contained numerous assertions that defendant had tenancy rights and it demonstrated defendant's control over the apartment. It argues that defendant must be ordered to pay use and occupancy for each month he wrongfully withheld possession (April 1, 2021 to February 28, 2022). Plaintiff also claims that he was clearly not entitled to succeed to the apartment.

Plaintiff's central point is that neither physical occupancy nor privity of contract is required in order for this Court to issue a finding requiring defendant to pay use and occupancy. It emphasizes that defendant solicited financial consideration in exchange for his withdrawal of succession rights and that the Court should find defendant to be in constructive possession of the unit.

**Discussion**

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 508 NYS2d 923 [1986]).

The key issue on this motion is whether or not defendant exerted sufficient control over the apartment in order for plaintiff to recover use and occupancy. Unlike a typical use and

**160683/2021   BROOKFORD, LLC vs. EPSTEIN PH.D, NOAH**
**Motion No.  002**

**Page 3 of 9**

[* 3]

occupancy matter, it is undisputed that defendant did not actually live in the unit during the relevant time period. The question, then, is whether he exhibited enough control over the apartment such that he could be held liable for use and occupancy following his grandmother's death.

The first issue is whether defendant's succession rights claim gives rise to a use and occupancy cause of action. To be sure, plaintiff is correct that defendant's threatening letter in April 2021 made all sorts of claims, including that the apartment was his primary residence "since at least 2008" and that defendant intended to "retain possession" of the apartment (NYSCEF Doc. No. 74). And the letter threatened legal action if plaintiff took steps to gain possession of the apartment (*id*.).

The Court finds that, standing alone, this letter might be enough to sustain plaintiff's theory of this case had plaintiff consented or agreed to defendant's demands. But plaintiff responded that it did not believe that defendant was entitled to any succession rights in a letter from May 2021 (NYSCEF Doc. No. 75). In that letter, plaintiff also inquired whether defendant would be willing to pay use and occupancy "without prejudice" (*id*.). Defendant declined to pay in his response although he continued to insist that he was entitled to succeed to the apartment (NYSCEF Doc. No. 77). And, of course, defendant eventually withdrew his claim for succession rights in December 2021 (NYSCEF Doc. No. 100).

The Court finds that defendant's efforts to seek succession rights to the apartment does not constitute possession sufficient to justify a requirement that he pay use and occupancy. The fact is that plaintiff took a consistent position throughout that it did not believe defendant was entitled to any possession rights. Although plaintiff agreed to review defendant's submissions, it did not, at any point, permit defendant to act like a tenant. In other words, plaintiff cannot have it

160683/2021   BROOKFORD, LLC vs. EPSTEIN PH.D, NOAH
Motion No.  002

Page 4 of 9

both ways—it cannot deny defendant's claim that he should take over as a tenant and then claim he has to pay use and occupancy as if he were a tenant because, after all, defendant was not living in the apartment during these months.

Also factoring into this conclusion is that defendant did not take any formal actions to exert his purported possessory rights over the apartment. He did not, for instance, commence an action seeking injunctive relief barring plaintiff from doing anything with the apartment. Had defendant successfully sought relief from a Court preventing plaintiff from taking any steps towards reclaiming possession of the apartment, plaintiff's claim for use and occupancy would be significantly stronger. But, here, defendant sent a strongly worded letter seeking relief to which plaintiff immediately objected.

The other issue raised on this motion with respect to defendant's control over the apartment is his relationship with the sole occupant in the apartment after his grandmother died, Mr. Frank. The communications uploaded on this motion between defendant and Mr. Frank fail to show he had sufficient control over this individual. Clearly, Mr. Frank reached out to defendant about apartment issues, such as cable and Wi-Fi (NYSCEF Doc. No. 92), but the Court cannot conclude that this is some sort of scheme to aid in defendant's succession rights efforts. Apparently, the cable bill was still in defendant's grandfather's name and the family unsuccessfully tried to change it (NYSCEF Doc. No. 91 at 12).

Defendant also communicated with Mr. Frank about his ability to succeed to the apartment, although Mr. Frank's response, "Keeping my fingers crossed for you", is not evidence of possessory control over the apartment (NYSCEF Doc. No. 94). Nor does Mr. Frank's email informing defendant that he was moving out (NYSCEF Doc. No. 101). The email

**160683/2021   BROOKFORD, LLC vs. EPSTEIN PH.D, NOAH**
**Motion No.  002**

**Page 5 of 9**

5 of 9

[* 5]

communications suggest that Mr. Frank had a warm relationship with defendant and his family—it does not show that defendant should be liable for use and occupancy.

At his deposition, defendant testified that Mr. Frank moved into the apartment because his girlfriend had previously moved in (NYSCEF Doc. No. 91 at 10-11). Neither Mr. Frank nor his girlfriend paid rent and, instead, they were to keep defendant's grandmother company (*id*.). There is no allegation that defendant had anything to do with Mr. Frank's initial occupancy in the apartment or this arrangement with his grandmother. He testified that it was likely his cousin or aunt who made the initial introduction (*id*. at 11), which makes sense as Mr. Frank's girlfriend worked as a nanny for defendant's cousin.

In this Court's view, it is simply too attenuated to claim that defendant is responsible for use and occupancy based on Mr. Frank's continued presence in the apartment. Plaintiff's argument is that Mr. Frank served as defendant's agent but it did not submit sufficient evidence to support such a claim. There was no evidence of a financial or other relationship that could justify a finding that Mr. Frank was engaged as defendant's agent.

Moreover, plaintiff failed to cite a single case that stands for the proposition that defendant is liable for use and occupancy. Plaintiff is correct that actual occupancy of an apartment or property is not necessarily required in order to seek use and occupancy; but, in those instances, there are other facts that justify the imposition of use and occupancy (*see Trump CPS LLP v Meyer*, 249 AD2d 22, 670 NYS2d 854 [1st Dept 1998] [awarding use and occupancy even though the tenants claimed they had moved out where the tenants' family members lived in the apartment]). Of course, a case involving former tenants and their family members is quite different from defendant—who was never a tenant and was not related to Mr. Frank.

**160683/2021  BROOKFORD, LLC vs. EPSTEIN PH.D, NOAH**
**Motion No.  002**

**Page 6 of 9**

Other cases cited by plaintiff are also inapposite. For instance, plaintiff cites to *Findlay Teller Hous. Dev. Fund Corp. v Chevere* (29 Misc 3d 1203(A) [Civ Ct, Bronx County 2010]). Although that case involved an award of use and occupancy issued to the landlord and a claim of succession rights by the respondent, the respondent was living in the apartment—the case included a 10-day notice to vacate issued by the landlord). This same analysis applies to other cases upon which plaintiff relies (*see 2114 Realty, LLC v Estate of Sanabria*, 72 Misc3d 1218[A] [Civ Ct, Kings County 2021] [awarding use and occupancy where the respondent was staying in the apartment]).

As the Second Department explained in another case cited by plaintiff "the obligation to pay for use and occupancy does not arise from an underlying contract between the landlord and the occupant. Rather, an occupant's duty to pay the landlord for its use and occupancy of the premises is predicated upon the theory of quantum meruit, and is imposed by law for the purpose of bringing about justice without reference to the intention of the parties" (*Eighteen Assoc., LLC v Nanjim Leasing Corp.*, 257 AD2d 559, 559-60, 683 NYS2d 291 [2d Dept 1999] [internal quotations and citations omitted]). In *Nanjim Leasing*, the Second Department affirmed the denial of a motion to dismiss where a former subtenant claimed it need not pay use and occupancy to the landlord on the ground that it was not a party to the landlord's lease with the tenant. Again, there was an entity who actually occupied the space. Other examples where a party was required to pay use and occupancy don't apply to this situation, such as where a defendant constituted a trespasser (*De Camp v Bullard,* 159 NY 450 [1899]) or someone who left their personal property in the space (*Rand Prods. Co. v Mintz*, 69 Misc2d 1055 [Civ Ct, NY County 1972]).

**160683/2021   BROOKFORD, LLC vs. EPSTEIN PH.D, NOAH**
**Motion No.  002**

**Page 7 of 9**

7 of 9

[* 7]

As defendant emphasizes, at least one Supreme Court case has held that "courts have held that other property occupants, such as holdover tenants or subtenants may be liable for U&O. Plaintiff correctly notes that [the] absence of privity is not a bar to obtaining U&O, but only a party that actually occupies the subject property can be liable for U&O" (*Lower Fifth Realty Corp. v Itria Ventures LLC*, 2020 N.Y. Slip Op. 32796[U], 5 [Sup Ct, NY County 2020]).

And, of course, because the leftover property in the apartment did not belong to defendant, he had no obligation to clear it out in his individual capacity and is therefore not liable for any cost to remove it. It was the obligation of his grandmother's estate to do so—any involvement he may have to facilitate it does not create a duty by defendant to ensure that the apartment was delivered vacant.

**Summary**

As indicated in the April 2021 letter, defendant was attempting, at least in the alternative, to extract a settlement out of the landlord for purporting to return a rent-controlled apartment after his grandmother's death. Even though he left the apartment in 2014 and subsequently married, had three children and was stationed in Virginia with his family, he was apparently filing his taxes from New York. This effort to secure a buyout did not succeed as the landlord sued for use and occupancy and the costs of cleaning up the apartment.

On the other hand, plaintiff landlord did not accept defendant as successor but still wants him to pay anyway; plaintiff cannot have it both ways. Plaintiff's theory in this case would require this Court to hold that a person who did not actually live in or occupy an apartment, *while an unrelated person actually did*, is somehow liable for use and occupancy merely by informally asserting a claim for succession rights. The Court declines to embrace that theory because defendant did not take any official steps to prevent plaintiff's possessory interest in the

**160683/2021  BROOKFORD, LLC vs. EPSTEIN PH.D, NOAH**
**Motion No.  002**

**Page 8 of 9**

apartment, plaintiff never assented to defendant's claims and defendant eventually withdrew his claims. For some reason, plaintiff did not seek Court intervention until November 29, 2021 even though defendant claimed he had possessory rights in April 2021 and plaintiff expressly rejected such a claim in May 2021. That delay does not translate into defendant becoming liable for use and occupancy for nearly a year.

Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment dismissing this case is granted and the Clerk is directed to enter judgment accordingly in favor of defendant and against plaintiff without costs and disbursements upon presentation of proper papers therefor; and it is further

ORDERED that plaintiff's cross-motion for summary judgment is denied.

| 7/1/2025 | | | | ARLENE P. BLUTH, J.S.C. | | |
|----------|---|---|---|-------------------------|---|---|
| **DATE** | | | | | | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | GRANTED IN PART | X | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160683/2021   BROOKFORD, LLC vs. EPSTEIN PH.D, NOAH**
**Motion No. 002**

**Page 9 of 9**

9 of 9