Hui Min Li v Teixeira (2025 NY Slip Op 51490(U))

[*1]

Hui Min Li v Teixeira

2025 NY Slip Op 51490(U)

Decided on September 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 23, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570014/24

Hui Min Li, Petitioner-Landlord-Respondent,
against
Silene Matulis Teixeira, Respondent-Tenant-Appellant.

Tenant appeals from: (1) a default final judgment of the Civil Court of the City of New York, New York County (Daniele Chinea, J.), entered December 15, 2023, which awarded landlord possession and a money judgment of $102,200 in a holdover summary proceeding; (2) an order (same court and Judge), dated January 17, 2024, which denied her motion, in effect, to vacate the default judgment and reopen the record; and (3) an order (same court and Judge), dated January 29, 2024, which granted her motion to stay the eviction upon payment of ongoing use and occupancy.

Per Curiam.
Orders (Daniele Chinea, J.), dated, respectively, January 17, 2024 and January 29, 2024, affirmed, with one bill of $10 costs. Appeal from final judgment (Daniele Chinea, J.), entered December 15, 2023, dismissed, without costs, as taken from nonappealable paper.
On the scheduled trial date of this long-pending holdover proceeding, which was based upon allegations that tenant failed to vacate the unregulated, $9,300 per month condominium unit after expiration of her lease, tenant was unprepared, did not have any proof to support her warranty of habitability or other defenses, and voluntarily left the courtroom. These actions were properly treated as a default in this matter (see Sarlo-Pinzur v Pinzur, 59 AD3d 607 [2009]; Matter of Anita L. v Damon N., 54 AD3d 630, 631 [2008]). Since no appeal lies from an order entered upon the default of the appealing party (see Hilton Weiner, LLC v Anderson, 203 AD3d 659 [2022], lv denied 39 NY3d 902 [2022]), the appeal from the final judgment is dismissed. 
Tenant's subsequent motion, which, in effect, sought to vacate the default was properly denied. Tenant offered no excuse for her failure to be prepared for trial, and further failed to demonstrate that she had any defenses to the possessory or monetary (use and occupancy) claims.
Finally, the court properly conditioned tenant's request to stay her eviction upon her payment of use and occupancy at the rate set forth in the expired lease (see 10E53 Owner LLC v Bruderman Asset Mgt., 202 AD3d 609 [2022]). 
We have considered tenant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 23, 2025